LIVAUDAIS *v.* MISSISSIPPI EXPORT RAILROAD COMPANY

No. 40092 September 24, 1956 89 So. 2d 588

*Lampkin Butts*, Laurel, for appellant.

*W. S. Murphy*, Lucedale, for appellee.

ROBERDS, P. J.

This is an appeal from a decree adjudicating appellant in contempt of court in the violation of an injunction which had been issued against him.

On December 22, 1953, in a cause being litigated between the parties hereto and the wife of appellant, the court, by decree, adjudicated appellee to be the owner of certain lands in Jackson County, Mississippi, and enjoined appellant and his wife from going upon the land or interfering with the peaceable possession or use thereof by appellee. There was no appeal from that decree. The injunction writ was served upon appellant and his wife.

On September 7, 1954, on motion of appellee, after notice to appellant and wife, that decree was corrected as

to a typographical error in the description of some of the land. This decree did not change or alter the injunctive features of the decree of December 22, 1953.

On May 16, 1955, appellee Railroad Company filed a petition in the cause now before the court, asserting that appellant and his wife had violated the injunction in that they had posted ownership signs upon the land; constructed fences thereon; threatened tenants of appellee; had forbidden other parties going upon the land; had cultivated some of the land; had asserted title thereto and given a trust deed thereon, and in other ways had interfered with the peaceable possession and use of the land by appellee.

The matter was heard in vacation by the chancellor, who found and adjudicated that the allegations of the petition were sustained as to appellant but not as to his wife, and imposed upon appellant a fine of fifty dollars and a jail term of thirty days. From that decree A. A. Livaudais alone appeals here.

██.█ Appellant first says the court had no jurisdiction to hear this contempt matter in vacation. Appellant admits that Section 1278, Miss. Code 1942, expressly vests in the chancery court power to hear such matters in vacation (See Gordon v. Gordon, 196 Miss. 476), but says that the citation to appellant required him to execute bond and that thereby the chancellor confined the hearing to term time. Said Section 1278 provides "The chancery court, or the chancellor in vacation * * *shall have power to punish any persons for breach of * * * any other decree of the court, by fine or imprisonment, or both, or the chancellor or judge granting the writ may require bail for appearance of the party at the next term of the court to answer for the contempt; but such person shall be first cited to appear and answer * * *" The order for citation in this cause was returnable at nine o'clock in the morning of May 25, 1955, which was a day in vacation. The order also contained this provision: "* * * and it is further ordered and directed that the said A. A.

Livaudais be held in bail in the sum of Five Hundred Dollars ($500.00)." Neither the citation nor the bond required Livaudais to appear at the next term of court. On the face of the proceeding, the bond, if executed, required Livaudais' appearance on the vacation date named in the order for citation. However, it is not shown in this record that Livaudais ever executed the bond. The chancellor had the power both in vacation and term time to hear and determine the contempt issues involved herein. He did not, by the proceeding disclosed in this record, divest himself of the power to hear this matter in vacation. Appellant appeared at that time and made no contention that the chancellor did not have the power to then hear and determine the contempt matter.

 Appellant next says that the proof did not sustain the finding of contempt. Above we have set out the acts the petition alleged appellant committed constituting interference with the peaceable possession thereof by appellee. The petition, so alleging, was made under oath. Appellant did not answer or deny the allegations thereof. At the hearing a number of witnesses testified to these facts. There was no testimony to the contrary. Livaudais offered no witnesses and did not take the stand himself. In other words, proof of the acts are clear and there is no proof to the contrary.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.